UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L. GREEN,<br><br>                Plaintiff,<br>    v.<br><br>APRIL C. DINUCCI, et al.,<br><br>                Defendants. | CASE NO. C18-5800 RBL<br><br>ORDER GRANTING MOTION TO DISMISS |

THIS MATTER is before the Court on the following: Defendants' Motion to Dismiss [Dkt. # 11]; Plaintiff green's Cross Motion for Summary Judgment [Dkt. # 13], and Green's Motion to Amend his Cross Motion [Dkt. # 18].

Green claims he obtained substandard medical care while he was in the Navy (while stationed at Naval Base Kitsap). The nature of the care (or the failure to give care) is unclear, but it apparently occurred over a long period of time and involved Green's placement into some sort of convalescent leave status. It appears that some of the care Green received related to mental or emotional health. Green also complains that his office access and location were changed to humiliate him, he was given driving restrictions, and he was not given an American Flag when he retired.

Green claims he had uncontrollable blood pressure for 8 months, sleeplessness, and panic attacks, but it is not clear if those were part of the negligent medical care or were the damages he suffered later. In any event, Green seeks more than $12 million in punitive damages. He asserts *Bivens* claims against eight individuals[1], alleging each played a role in denying him medical care or otherwise damaging him.

Defendants Pearigen and Spencer seek dismissal argue Court lacks personal jurisdiction over them. The remaining defendants argue that the Court does not have subject matter jurisdiction over Green's claims against them; he is asserting what amounts to a medical malpractice case against federal employees acting in the scope of their employment. They argue that in order to seek damages for negligence, Green is required instead to assert a Federal Tort Claims Act claim—and that the only proper defendant for such a claim is the United States. This is equally and specifically true with respect to Green's medical negligence claims against Department of Defense doctors performing health care functions in the course of their employment. *See* 10 U.S.C. § 1089(a) (the "Gonzalez Act").

Defendants argue that a service member cannot maintain a *Bivens* action for injuries arising out of, or incident to, his service. *See Feres v. United States*, 340 U.S. 135, 146 (1950). *See also Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (A *Feres* doctrine motion to dismiss is properly treated as one for lack of subject matter jurisdiction under Rule 12(b)(1)). They add that *Feres* bars *Bivens* claims against superior officers. *See Mollnow v. Carlton*, 716 F.2d 627 (9th Cir. 1983).

---

[1]. The individual defendants in this case appear to be naval medical providers or administrators, including the Secretary of the Navy (Spencer) and a Rear Admiral (Pearigen). Green contemporaneously filed a substantially similar case against the United States, *Green v. United States*, Cause No. 18-cv-5804RBL.

1       Green's Response (and his own Cross Motion [*See* Dkt. #s 13 through 18]) relies on his claim that his injuries occurred off-base and off-duty, and claims that they were therefore not "incident to his service." He cites cases like *Parker v. United States*, 611 F.2d 1007, (9th Cir. 1980), not-surprisingly holding that *Feres* does not bar an on-leave service member killed in a collision with an on-duty service member from suing for negligence (while an on-duty service member injured while training would be so barred.) These cases are not analogous.

      Green also claims the defendants' negligence toward him was not in the scope of their employment. Thus, he argues, his claims against them not barred by *Feres*. The bulk of his own motion sets out what he claims are the facts of the case, viewed in the light most favorable to him. Much of his narrative relates to the unfair and discriminatory treatment he received while on duty, at work. Green does not address the Court's personal jurisdiction over the out of state defendants, Spencer and Pearigen. Nor does he otherwise address the Defendants' *Bivens* arguments, or their claim that even if his *Bivens* claims survive in this context, the individual defendants are entitled to qualified immunity.

      The Defendants respond persuasively that Green only obtained the medical treatment he complains of because of his active duty status. The military doctors providing that care, under military standards, at a military facility, did so at because Green was an active duty service member. They argue that his negligence and medical malpractice claims are "incident to his service" (even if he suffered some of his claimed damage off duty), as a matter of law. *See Daniel v. United States,* 889 F.3d 978 (9th Cir. 2018); *Jackson v. United States*, 110 F.3d 1484 (9th Cir. 1997). It is not debatable that his military health care providers were acting precisely in the scope of their employment when they treated him (or failed to do so).

1   The Defendants' Motion to Dismiss for lack of personal jurisdiction over Spencer and
2   Pearigen is **GRANTED**. Green's claims against the remaining defendants are barred by *Feres*.
3   Even if they were not, there is no support for permitting him to assert a *Bivens* claim in the
4   context of this case. The Defendants' Motion to Dismiss for lack of subject matter is
5   **GRANTED**. Green's own Motions for Summary Judgment are **DENIED**. The case is
6   **DISMISSED**.

IT IS SO ORDERED.

Dated this 25th day of February, 2019.

Ronald B. Leighton
United States District Judge